# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CASEY W. SOBBERI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1369 TCM |
| | ) | |
| LARRY DENNEY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the order directing him to show cause why his petition for a writ of habeas corpus should not be dismissed as time-barred. The petition was filed on August 27, 2009, nearly three years after the limitations period expired.

In response to the order, petitioner argues that he is entitled to equitable tolling of the limitations period because he "has found new evidence." Petitioner states that he has discovered that he was not guilty of first degree burglary because the victim arrived at the house after petitioner entered it. Petitioner contends that under Missouri law he cannot have been guilty of first degree burglary unless the victim was already inside the house when he entered it. Petitioner argues that his recent discovery of the elements of burglary under Missouri law constitutes "new evidence" sufficient to toll the statute of limitations.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Equitable tolling is "an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

Petitioner has shown neither that he has pursued his rights diligently nor that extraordinary circumstances presented him from presenting his claims in a timely fashion. Petitioner could have learned the elements of burglary any time after he was charged with the crime.[1] And petitioner's lack of knowledge about the law cannot be

---

[1]Petitioner's interpretation of first degree burglary is, incidentally, incorrect. Missouri law states:

> A person commits the crime of burglary in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or

considered an extraordinary circumstance. As a result, petitioner is not entitled to equitable tolling.

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner has failed to make an arguable claim for equitable tolling. As a result, petitioner is not entitled to a certificate of appealability.

Accordingly,

---

inhabitable structure for the purpose of committing a crime therein, and when in effecting entry *or while in the building or inhabitable structure or in immediate flight therefrom*, he or another participant in the crime:

\* \* \*

(3) There is present in the structure another person who is not a participant in the crime.

Mo. Rev. Stat. § 569.160 (emphasis added).

**IT IS HEREBY ORDERED** that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **dismissed as time-barred.** See 28 U.S.C. § 2244(d).

**IT IS FURTHER ORDERED** that all pending motions are **denied**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

Dated this 14th day of October, 2009.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE